IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                No. CR 2:99-693

GILBERTO GOMEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO SUPPRESS

**THIS MATTER** came before the Court on Defendant's Motion to Suppress filed July 19, 1999. A hearing was held on this motion on September 1, 1999. The Court, having considered the motion, response, amended response, testimony of witnesses, oral argument of counsel and being otherwise fully informed, orally granted the motion following the September 1, 1999 hearing. This opinion sets forth the Court's findings in support of its oral ruling.

### FACTUAL BACKGROUND

On March 21, 1999, Agent David Puente of the U.S. Border Patrol was conducting a roving patrol on state highway 11, near the intersection of state highway 9 in Columbus, New Mexico, an area frequently used for alien and drug smuggling from Mexico into the United States. At approximately 6:00 a.m. Agent Puente observed a 1989 Chevrolet Corsica traveling eastbound on state highway 9. The car came to a complete stop at the intersection of state highway 9 and

state highway 11. Agent Puente observed the driver of the car, Defendant Gilberto Gomez, look repeatedly left and right onto state highway 11. Agent Puente observed that the driver did not make eye contact with Agent Puente. The car turned north onto state highway 11 and began traveling 5 miles slower than the posted 35 m.p.h. speed limit. As the car turned, Agent Puente observed that the car had new shock absorbers and temporary registration tags. Agent Puente also testified that the car was riding a "little bit low," as if to indicate it was carrying cargo. However, evidence offered by Defendant reveals that the car was riding normally and did not indicate that it was carrying a heavy load. [Defendant's Exhibits D and E]. Agent Puente then stopped the Chevrolet Corsica driven by Defendant.

## DISCUSSION

The Tenth Circuit has held that "border patrol agents on roving patrol may stop vehicles only if they are aware of specific articulable facts, together with rational inferences from those facts, that reasonably warrant suspicion that those vehicles' occupants may be involved in criminal activity." *United States v. Cantu*, 87 F.3d 1118, 1120 (10th Cir. 1996) (*quoting United States v. Brignoni-Ponce*, 422 U.S. 873, 884 (1975)). While the agent is "entitled to assess the facts in light of his experience" in detecting criminal activity, *Brignoni-Ponce*, 422 U.S. at 885, an agent may not stop a vehicle on an "unparticularized suspicion or hunch." *Terry v. Ohio*, 392 U.S. 1, 27 (1968); *see also United States v. Sokolow*, 490 U.S. 1, 2 (1989) ("Reasonable suspicion entails some minimal level of objective justification for making a stop--that is, something more than an inchoate or unparticularized suspicion or 'hunch,' but less than the level of suspicion required for probable cause."). To determine whether the agent's suspicion was reasonable, the Court must

ascertain whether under a totality of the circumstances, the specific factors the agent cites describe behavior that should excite the suspicion of a trained border patrol agent that Defendant has committed or is committing a crime. *Terry*, 392 U.S. at 27-28.

The record indicates that Agent Puente relied upon the following factors in deciding to stop Defendant: (1) the location near the U.S.-Mexico Border; (2) the time of the day; (3) Defendant's hesitation at the intersection; (4) Defendant's failure to make eye contact with Agent Puente; (5) the speed of the vehicle; (6) the temporary registration tags; (7) the new shock absorbers; and (8) Agent Puente's opinion that the car was riding low. The Court finds that Agent Puente is a credible witness and does not dispute the veracity of his testimony. The Court does not agree, however, that the circumstances observed by Agent Puente rise to the level of reasonable suspicion. Although the reasonableness of the agent's conduct is assessed using a totality of the circumstances test, it is useful to evaluate each factor separately because "[s]ome factors must be outrightly dismissed as so innocent or susceptible to varying interpretations as to be innocuous." *United States v. Lee*, 73 F.3d 1034, 1039 (10th Cir. 1996).

The first factor Agent Puente relied upon in making his stop is the proximity of the vehicle to the U.S.-Mexico border. Defendant was driving eastbound on state highway 9 and then turned northbound onto state highway 11. Agent Puente noted that state highway 11 is a frequently used route for illegal activity. The Court does not dispute Agent Puente's observation as to this factor. However, the Court is not persuaded that the location of the Defendant's travel in itself supports a finding of reasonable suspicion. Agent Puente testified that the car was not traveling from the direction of the U.S.-Mexico border, but rather was traveling eastbound, from a rural farm area. Given this fact, the Court finds that it was just as likely that Defendant was traveling

3

from one of the many farms along the highway, rather than from the border itself.

Defendant was driving early in the morning, at 6:00 a.m., a time of shift changes for border patrol agents in that area. Based on his experience, Agent Puente testified there is an increase in illegal activity during the shift changes which occur three times a day. However, Agent Puente admitted that the mere fact a car was on the highway during shift changes does not make it suspicious. He noted that during the three daily periods of shift change there are many innocent travelers on the road. He further conceded that during shift changes, there are in fact more, rather than fewer, border patrol agents on patrol. Thus, by Agent Puente's own testimony, the early morning time of travel does not lend itself to a finding of reasonable suspicion.

Agent Puente also based his stop upon Defendant's hesitance at the intersection of state highway 9 and state highway 11. According to Agent Puente, Defendant came to a complete stop in compliance with a stop sign at the intersection and twice looked to the left and to the right. Agent Puente viewed this as suspicious because there were no other cars around to warrant Defendant's prolonged stop at the intersection. Agent Puente admits however that it is not unusual for a car to obey traffic laws, including stopping at a stop sign, in the presence of a government vehicle. Agent Puente also conceded that it is likely that Defendant paused because he was uncertain which way to turn. Furthermore, Agent Puente could not specify the duration of the prolonged stop. Based upon Agent Puente's testimony, the Court finds that Defendant's complete stop at the stop sign and his hesitation prior to north turning onto state highway 11 could not be considered suspicious behavior.

Agent Puente testified that he found it suspicious that Defendant did not make eye contact with Agent Puente when he came to his stop at the intersection of state highway 9 and state

highway 11. Although Agent Puente never saw Defendant look in his direction, he assumed that Defendant had recognized him as a border patrol agent and was intentionally avoiding eye contact. However, in *United States v. Barron-Cabera*, the 10th Circuit determined that a defendant who stares or otherwise reacts to the sight of a Border Patrol agent is also suspicious. 119 F.3d 1454, 1462 (10th Cir. 1997). To hold that both a driver who reacts and a driver who fails to react are grounds for reasonable suspicion would cast most drivers' behavior as suspicious. Furthermore, Agent Puente had no prior contact with Defendant and had no basis to evaluate his demeanor. *See United States v. Bloom*, 975 F.2d 1447, 1458 (10th Cir. 1992) ("Nothing in the record indicates whether [the agent] had any prior knowledge of Defendant. We do not understand how [the agent] would know whether defendant was acting nervous and excited or whether he was merely acting in his normal manner"), overruled on other grounds, *United States v. Little*, 18 F.3d 1499 (10th Cir. 1994). Therefore, Defendant's failure to make eye contact carries little weight with this Court in determining whether Agent Puente had reasonable suspicion to make the stop.

Agent Puente also considered the fact that the Chevrolet Corsica had temporary registration tags in making his stop of Defendant. According to Agent Puente many smugglers purchase new cars to engage in illegal activity. However, by Agent Puente's own testimony, a temporary registration tag is an indication of the lawful purchase of an automobile. Furthermore, Agent Puente admitted that in his experience permanent registration tags are equally consistent with suspicious behavior as temporary registration tags. The Court therefore finds the fact of temporary registration tags to be of little consequence in establishing grounds for reasonable suspicion.

Agent Puente testified that his suspicion was aroused by Defendant's traveling at a speed of 30 m.p.h. in an area with a posted speed limit of 35 m.p.h. Agent Puente measured Defendant's speed with his own speedometer rather than by radar or other speed measuring equipment. Agent Puente stated that alien smugglers tend to drive slower than the speed limit to avoid drawing attention to themselves. However, Agent Puente then testified, notably, that it is not unusual for drivers to obey traffic laws in the presence of an official vehicle. The fact that Defendant was regaining his speed after coming to a complete stop is also a factor in evaluating the suspiciousness of his driving. It is unreasonable to expect Defendant to be driving at the posted speed limit within seconds of coming to a complete stop. While "obvious attempts to evade officers can support a reasonable suspicion," *Brignoni-Ponce*, 422 U.S. at 885, the Court finds that Defendant's driving 5 miles below the posted speed limit was not such an attempt.

Agent Puente observed new shock absorbers on the 1989 Chevrolet Corsica driven by Defendant. Agent Puente testified that smugglers use new shock absorbers to sustain a heavy load and make their cars appear as if they are riding normally. The Court does not dispute that Agent Puente did catch a glimpse of new shock absorbers on the car. However, the Court does not consider the new shock absorbers to be significantly probative in making a finding of reasonable suspicion. By Agent Puente's own testimony it in not unusual for a 10 year old car to have new shock absorbers. Furthermore, in light of the fact that the car was recently purchased, as evidenced by its temporary registration tags, the existence of new shock absorbers appears even more innocuous.

The most compelling testimony of Agent Puente was his observation that the Chevrolet Corsica was riding low, as if to indicate a heavy load. Many courts have relied upon the

appearance of a heavily loaded vehicle in finding reasonable suspicion. See, e.g., *United States v. Brignoni-Ponce*, 422 U.S. at 885; *United State v. Cardona*, 955 F.2d 976 (5th Cir. 1992); *United States v. Franco-Munoz*, 952 F.2d 1055 (9th Cir. 1991). However, Agent Puente testified that the car was merely riding "a little bit low" meaning that the rear fender was just a little bit below the front fender. Furthermore, contrary evidence offered by Defendant reveals that the car was riding normally and did not appear to be carrying a heavy load. In *United States v. Guillen-Cazare*s the 10th Circuit held that to it was improper to stop a vehicle because it was "riding a little bit low," explaining that treating such as reasonable suspicion "would risk subjecting scores of legitimate travelers to roving border stops." 989 F.2d 380 (10th Cir. 1993). Likewise, in this case the Court holds that even if the car did appear to be riding a "little bit low" to Agent Puente, such an observation is insufficient to sustain a finding of reasonable suspicion.

In summary, when the stop was made Agent Puente knew that the car was traveling early in the morning, near the U.S.-Mexico border, that Defendant made a complete stop at a stop sign, looked both ways prior to turning left, and proceeded to drive 5 miles below the posted speed limit, that Defendant did not make eye contact with Agent Puente, that the car was newly registered with new shock absorbers, and that the car appeared to be riding a little bit low. While the circumstances are to be considered from the perspective of a trained and experienced agent, *Cortez*, 449 U.S. at 418, the Court finds that these factors describe too many individuals in this area to create a reasonable suspicion that this particular Defendant was engaged in criminal activity. "[I]t is not enough that law enforcement officials can articulate reasons why they stopped someone if those reasons are not probative of behavior in which few innocent people would engage--the factors together must serve to eliminate a substantial portion of innocent

7

travelers before the requirement of reasonable suspicion will be satisfied. This is a totality of the circumstances test." *Karnes v. Skrutski*, 62 F.3d 485, 493 (3d Cir. 1995).

Of the factors articulated by Agent Puente as supporting reasonable suspicion, only the facts that Defendant did not make eye contact with Agent Puente, that Defendant hesitated at the stop sign, and that Defendant drove 5 miles below the posted speed limit relate to his particular conduct. Each of the remaining factors known to the Agent describe large categories of innocent travelers. *See Reid v. Georgia*, 448 U.S. 438, 441 (1980) (holding that reasonable suspicion cannot include circumstances which "describe a very large category of presumably innocent travelers, who would be subject to virtually random seizures...."). A substantial number of innocent travelers in this area drive older model cars with new parts, including shock absorbers, and temporary registration tags; travel during border patrol agent shift changes; fail to make eye contact with other drivers; stop to look both ways at a stop sign; drive below the posted speed limit; and have cars which appear to be riding "a little bit low." Reasonable suspicion may not be based on broad profiles which cast suspicion on entire categories of people without any individualized suspicion of the particular person to be stopped. *See United States v. Rodriguez*, 976 F.2d 592, 596 (9th Cir. 1992) (holding that stop constituted an illegal seizure because "the profile tendered by the agents to justify their stop of [defendant] is calculated to draw into the law enforcement net a generality of persons unmarked by any really articulable basis for reasonable suspicion....").

The Court finds that the three factors relating to Defendant's particular conduct are more an "inchoate and unparticularized suspicion or 'hunch'" than a fair inference of criminal activity in light of the agent's experience. Considering the totality of the circumstances, the evidence in this

8

case does not support a determination that at the time of the initial stop Agent Puente had reasonable, individualized suspicion that Defendant committed or was committing a crime. The traffic stop, therefore, violated Defendant's Fourth Amendment rights.

**WHEREFORE,**

**IT IS THEREFORE ORDERED** that Defendant's Motion to Suppress is hereby **GRANTED**.

_____
MARTHA VAZQUEZ
U. S. DISTRICT JUDGE

Kelly L. Burham
Attorney for Plaintiff

Jane Greek
Attorney for Defendant